**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH JOHN KOZLOWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 13-1695 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Joseph John Kozlowski ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician, Dr. Matthew Long. (Joint Stip. at 4-11.) The Court agrees with Plaintiff for the reasons stated below.

　　A.　　An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is

employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B. The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Long's Treating Opinion

Here, the ALJ provided two reasons for rejecting Dr. Long's treating opinion. (*See* Administrative Record ("AR") at 27.) The Court addresses, and rejects, both below.

First, the ALJ rejected Dr. Long's opinion because "the treating physician indicates he began treating the claimant in 2002 or 2003, while [Plaintiff] states that he started seeing Dr. Long in 2008 (Exhibits 4E/8; 26F/2)." (*Id.* at 27.) The ALJ, however, is simply mistaken. Indeed, Exhibit 26 indicates that Dr. Long began treating Plaintiff in "2007-2008," just as Plaintiff claims.[1] (*Id.* at 668.) Elsewhere, Dr. Long reiterates that he "started seeing [Plaintiff] in 2008 at Catalina Medical Center." (*Id.* at 676.) Notably, Defendant, does not address this argument in the joint stipulation. (*See* Joint Stip.) Because it is unsubstantiated by the record, this reason

---

[1] It appears as though a photocopying glitch produced a white line that runs down the length of each page of Dr. Long's impairment questionnaire. (*See* AR at 668-74.) Incidentally, the white line cuts through the "8" in "2007-2008." Likely, the ALJ merely glanced at the record and thought the "8" to be a "3." Upon examination, however, the Court, is convinced that Dr. Long did, in fact, state that he began treating Plaintiff in "2007-2008." (*See id.* at 668.)

2

1 does not justify the ALJ's rejection of Dr. Longs opinion.

2   Second, the ALJ determined that Dr. Long's opinion conflicts with his treatment notes. (AR at 27.) But the ALJ fails to discuss any particular treatment note at all, let alone one that conflicts with Dr. Long's prescribed limitations. (*See id.*) In the same vein, the ALJ issues a wholesale dismissal of Dr. Long's report, without addressing its myriad restrictions individually, or with any degree of particularity. (*See id.*) At a minimum, to satisfy the specific and legitimate standard, the ALJ must explain how *specific* treatment records conflict with *specific* portions of Dr. Long's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (reasoning similarly); *Magallanes*, 881 F.2d at 751 (requiring "a detailed and thorough summary of . . . conflicting clinical evidence.") Absent such necessary details, this reason is insufficient.

   Moreover, at least some of Dr. Long's opinion *does* have support, both in his treatments notes and the record at large. In particular, Dr. Long diagnosed Plaintiff with cervicalgia and lumbalgia (neck and back pain), degenerative disc disease, cervical radiculopathy, depression, and anxiety. (AR at 435-50.) Dr. Long referred Plaintiff for a surgical consultation with Dr. Ghadimi, who likewise found severe neck pain, cervical radiculopathy, and degenerative disc disease. (*Id.* at 295.) These findings were confirmed by x-rays and MRIs. (*Id.* at 290-92, 314.) Dr. Ghadimi thus administered multiple epidural steroid injections and performed three bilateral facet blocks. (*Id.* at 293-310.) When these methods failed to relieve Plaintiff's pain, he underwent spinal surgery. (*Id.* at 477.) However, Plaintiff suffered complications from surgery, including three broken screws with one backing out into his esophagus, and the complete "obliteration of the cadaver bone graft." (*Id.* at 582-84.) Plaintiff thus underwent a second surgery, but was left with radiating neck pain. (*Id.* at 491, 653.) Both Dr. Long and Plaintiff's neurosurgeon, Dr. Nabavi, noted that Plaintiff's neck pain increases with bending and rotation. (*Id.* at 391, 653.) Like Dr. Long, Dr. Nabavi found that Plaintiff could not sit at a computer for

1   20 minutes because of neck pain, and sitting for more than an hour caused
2   numbness. (*Id.* at 392, 670-71, 676.)

3   Defendant argues that Dr. Long's records "primarily document Plaintiff's
4   subjective complaints." (Joint Stip. at 12.) But the Court's review is limited to the
5   reasons *actually cited* by the ALJ in his decision. *See Orn v. Astrue*, 495 F.3d 625,
6   630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the
7   disability determination and may not affirm the ALJ on a ground upon which he did
8   not rely.") Here, the ALJ did not mention this reason in his evaluation of Dr. Long's
9   opinion. (*See* AR at 27.)

10  Moreover, even if the ALJ had raised this argument, it lacks merit. *See Ryan*
11  *v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("[A]n ALJ does
12  not provide clear and convincing reasons for rejecting [a] physician's opinion by
13  questioning the credibility of the patient's complaints where the doctor does not
14  discredit those complaints and supports his ultimate opinion with his own
15  observations."). Dr. Long found Plaintiff credible, and nothing in the record
16  suggests that he relied on Plaintiff's subjective complaints more heavily than on his
17  own clinical observations, including Plaintiff's MRIs. (*See* AR at 435-76, 655-76.)

18  Therefore, as to this second reason, the ALJ's credibility determination is
19  likewise insufficient.[2]

20  Accordingly, for the reasons stated above, the Court determines that the ALJ
21  improperly discredited the opinion of Plaintiff's treating physician. The Court thus
22  determines that the ALJ's decision is not supported by substantial evidence. *Mayes*

---

[2] The Court also notes that the ALJ's reliance on the non-examining medical expert does not justify the rejection of Plaintiff's treating physician in this case. (*See* AR at 27); *Lester*, 81 F.3d at 831 ("[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of [] a treating physician."); *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (internal quotation marks, brackets and citation omitted). Further, here, the non-examining expert failed to consider Plaintiff's depression and anxiety which, as Dr. Long indicated, exacerbated Plaintiff's pain symptoms. (*See* AR at 60-64, 673.)

1  *v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

2    C. Remand is Warranted

3    With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

  Here, in light of the ALJ's error, the credibility of Plaintiff's treating physician must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the opinion of Dr. Long and either credit it as true, or provide valid reasons for any portion that is rejected.

  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[3]

Dated: **April 29, 2014**

                _____
                Hon. Jay C. Gandhi
                United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 15-17.)